UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO WATKINS,

    Petitioner,                             Civil No. 2:17-CV-11121
                                                  HONORABLE SEAN F. COX
v.                                         UNITED STATES DISTRICT JUDGE

WILLIE SMITH,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Antonio Watkins, ("Petitioner"), confined at the Ionia Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, Mich. Comp. Laws § 750.317, carrying a concealed weapon, Mich. Comp. Laws § 750.227, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and felony-firearm, Mich. Comp. Laws § 750.227b. Respondent filed an answer to the petition for writ of habeas corpus. As part of the answer, Respondent argues that Petitioner's ineffective assistance of trial counsel claims are procedurally defaulted because appellate counsel abandoned the claims on appeal by failing to cite to any caselaw or make any argument in support of the claims. In his reply brief, Petitioner argues that any default should be excused because of the ineffective assistance of appellate counsel. Petitioner, however, has yet to exhaust any ineffective assistance of appellate counsel claim in the state courts. In *lieu* of dismissing the petition without prejudice, the petition is held in abeyance and the proceedings are stayed under the terms outlined in this opinion to permit Petitioner to exhaust his ineffective assistance of appellate counsel claim.

## I. Background

Petitioner was convicted following a jury trial in the Genesee County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Watkins,* No. 321591 (Mich.Ct.App. Sep. 15, 2015); *lv. den.* 499 Mich. 915, 877 N.W. 2d 734 (2016).

Petitioner has now filed a petition for writ of habeas corpus, seeking relief on the following grounds:

> I. Is Mr. Watkins entitled to a new trial, where trial counsel provided constitutionally ineffective assistance in violation of the United States and Michigan Constitutions[?]
>
> II. The evidence was insufficient to support the verdict of second degree murder.
>
> III. Prosecutorial misconduct deprived Mr. Watkins of his due process right to [a] fair trial.
>
> IV. The government failure to investigate and analyze evidence deprived Mr. Watkins of due process and a fair trial.
>
> V. The trial court abused its discretion when it denied the defendants speedy trial motion erroneously, thereby denying the defendant a clearly establish[ed] constitutional right.
>
> VI. The defendant was deprived of his liberty without due process of law where the felony complaint and felony warrant are both drafted in conclusion language, amounting to a lack of subject matter jurisdiction by the court to try the defendant.

## II. Discussion

Petitioner argues that any procedural default of his ineffective assistance of trial counsel claims should be excused because of appellate counsel's ineffectiveness.[1] Petitioner, however, has yet to exhaust such a claim with the state courts.

---

[1] *See* Reply Brief, pp. viii-x.

Ineffective assistance of counsel may establish cause for a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). However, for ineffective assistance of counsel to constitute cause to excuse a procedural default, that claim itself must first be exhausted in the state courts. *Id.*

As a general rule, a state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c).; s*ee Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional issue, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Petitioner's claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004).

A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F. 2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2).

However, "[I]n determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon v. Baker*, 847 F. 3d 714, 722 (9th Cir. 2017)(*quoting Cassett v. Stewart*, 406 F. 3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance

3

and grant relief if they believe it is warranted." *Id.* (*quoting Cassett*, 406 F. 3d at 624).

In *Wagner v. Smith*, 581 F. 3d at 414, the Sixth Circuit addressed a habeas petition involving several unexhausted claims that had been rejected on the merits by another judge in this district. The Sixth Circuit remanded the matter back to the district court. Although the Sixth Circuit discussed the four available options for addressing a habeas petition which contained unexhausted claims, including the option of denying the unexhausted claims on the merits, *Id.* at 419 (discussing the four options), the Sixth Circuit strongly suggested that the district court should consider staying the petition and holding it in abeyance to permit petitioner to return to the state courts to properly exhaust these claims, because the claims were not "plainly meritless." *Id.* at 419-20. On remand, the district court vacated its opinion and order denying petitioner habeas relief, held the petition in abeyance to permit petitioner to return to the state courts to exhaust his claims, and administratively closed the case. *Wagner v. Smith,* U.S.D.C. 2:06-CV-10514 (E.D. Mich. Nov. 13, 2009). [2]

The Sixth Circuit recently again reversed another judge in this district for rejecting an unexhausted ineffective assistance of counsel claim on the merits. See *Hickey v. Hoffner,* 701 F. App'x.422 (6th Cir. 2017). In the *Hickey* case, the petitioner alleged that trial counsel was ineffective for failing to call alibi witnesses and other exculpatory witnesses. Although agreeing with the district court that the claims were unexhausted, the Sixth Circuit ruled that they could not

---

[2] This Court notes that although the Sixth Circuit in *Wagner,* 581 F. 3d at 419-20 believed that the unexhausted claims were not plainly meritless, so as to justify holding the case in abeyance to permit petitioner to exhaust these claims, the Sixth Circuit affirmed the denial of habeas relief on these same claims when the case came before that court again after petitioner exhausted these claims. *See Wagner v. Klee*, 620 F. App'x. 375, 377 (6th Cir. 2015). This indicates that the threshold for a claim to rise above the "plainly meritless" standard is fairly low.

4

find petitioner's ineffective assistance of counsel claims to be plainly meritless, so as to deny relief on the merits, because petitioner raised a "colorable" ineffective assistance of counsel claim. *Id.,* at 426. The Sixth Circuit vacated the district court decision denying habeas relief and remanded the matter to the district court to determine whether the petition should be held in abeyance to allow petitioner to return to the state courts to exhaust his claims. *Id.*

Petitioner's claim alleging that appellate counsel was ineffective is not plainly meritless because he raises a colorable constitutional claim. The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *See Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). This Court cannot categorically state that petitioner has absolutely no hope of prevailing on this claim either in the state courts or in the federal court. Because this unexhausted claim has "not yet been fully developed, it would be premature for the Court to assess [its] merits." *Adams v. Haas*, No. 15-11685, 2017 WL 264506, at *2 (E.D. Mich. Jan. 20, 2017).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith,* 581 F. 3d at 419. Petitioner could exhaust this claim by filing a motion for relief from judgment with the Genesee County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; s*ee Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g., Mohn v. Bock,* 208

F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court's only concern in dismissing the current petition involves the possibility that it might result in preclusion of consideration of petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F. 3d at 83); *see also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Indeed, although there is no bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling,* 246 F. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent

6

proceeding pending in state court involving other claims).

This Court will therefore hold the petition in abeyance to permit petitioner to return to the state courts to exhaust his ineffective assistance of appellate counsel claim. [3]

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claim or claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See id.*

### III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court **within ninety days of receipt of this order**. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file an amended petition

---

[3] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g., Banks v. Jackson,* 149 F. App'x. 414, 422, n. 7 (6th Cir. 2005).

that includes the new claims **within ninety days after the conclusion of his state court post-conviction proceedings**, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

Dated: January 12, 2018          s/Sean F. Cox
         Sean F. Cox
         U. S. District Judge

I hereby certify that on January 12, 2018, the foregoing document was served on counsel of record via electronic means and upon Antonio Watkins via First Class mail at the address below:

Antonio Watkins 683113
IONIA MAXIMUM CORRECTIONAL FACILITY
1576 W. BLUEWATER HIGHWAY
IONIA, MI 48846

         s/J. McCoy
         Case Manager