UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO DEMOND WATKINS,

      Petitioner,                   Civil No. 2:17-CV-11121
                                       HONORABLE SEAN F. COX
v.                                 UNITED STATES DISTRICT JUDGE

JOHN DAVIDS,

      Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

      Antonio Watkins, ("Petitioner"), confined at the Ionia Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, Mich. Comp. Laws § 750.317, carrying a concealed weapon, Mich. Comp. Laws § 750.227, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and felony-firearm, Mich. Comp. Laws § 750.227b.  For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. Background

      Petitioner was originally charged with first-degree murder, assault with intent to commit murder, and the three firearms offenses. Petitioner was convicted following a jury trial in the Genesee County Circuit Court of the lesser included offense of second-degree murder and guilty as charged of the firearms offenses.  Petitioner was acquitted of an assault with intent to commit murder charge. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals's opinion, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g., Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

1

> Carl Six was good friends with Sunta Newman. Six had met defendant, whom he knew as "Hammer," through Newman, because defendant was in a relationship with one of Newman's sisters. Six was with Newman at a gas station when Newman argued with and was fatally shot by another man. Six testified that he recognized the man as someone he had met through Newman, but could not recall his name. After talking to Newman's family, who believed Hammer was the gunman, Six recalled that the man's name was Hammer. There was also evidence that defendant was upset with Newman, who had not paid defendant the money he believed he was owed. This argument began several days before the shooting. Six recalled that the man at the gas station asked Newman for his money and that Newman brushed it off as something "old." This evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant was the shooter, and shot Newman because of a dispute over money. While defendant elicited evidence to show that Six never mentioned to two of the officers who questioned him that he recognized the gunman, and thus must have named defendant solely on information obtained from the Newman family, a third officer testified that Six did say that he recognized the gunman, but did not recall his name.

*People v. Watkins*, No. 321591, 2015 WL 5440232, at * 3 (Mich. Ct. App. Sept. 15, 2015).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 499 Mich. 915, 877 N.W. 2d 734 (2016).

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held in abeyance to permit him to return to the state courts to exhaust additional claims.

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v. Watkins*, No. 13-0333246-FC (Genesee Cty.Cir. Ct. Nov. 9, 2018).   The Michigan appellate courts denied petitioner leave to appeal. *People v. Watkins,* No. 346767 (Mich.Ct.App. Apr. 17, 2019); *lv. den.* 504 Mich. 997, 934 N.W.2d 214 (2019).

The case has been reopened to the Court's active docket.   In his original and amended habeas petitions, petitioner seeks a writ of habeas corpus on the following grounds:

> I. Is Mr. Watkins entitled to a new trial, where trial counsel provided constitutionally ineffective assistance in violation of the United States and Michigan Constitutions[?]

II. The evidence was insufficient to support the verdict of second degree murder.

III. Prosecutorial misconduct deprived Mr. Watkins of his due process right to [a] fair trial.

IV. The government failure to investigate and analyze evidence deprived Mr. Watkins of due process and a fair trial.

V. The trial court abused its discretion when it denied the defendants speedy trial motion erroneously, thereby denying the defendant a clearly establish[ed] constitutional right.

VI. The defendant was deprived of his liberty without due process of law where the felony complaint and felony warrant are both drafted in conclusion language, amounting to a lack of subject matter jurisdiction by the court to try the defendant.

VII. Ineffective assistance of appellate counsel.

VIII. Ineffective assistance of trial counsel when neither (trial) counsel attempted to present a defense that would have barred the prosecution of the charges against Watkins.

IX. Watkins was denied equal protection and due process of law where the State of Michigan as the "receiving state" gave effect to an improper detainer in violation of the Interstate Agreement on Detainers Act.

X. Watkins was deprived of his Fifth, Sixth, and Fourteenth Amendment rights where the Information in this case charged a non-existent law which resulted in the trial court not having subject matter jurisdiction and judicial power over this matter.

XI. Watkins was deprived of due process of law when the trial judge admitted animus toward him and forced him to defend against a first-degree premeditated murder charge which was not contained in the Information thereby depriving him of his right to a hearing before a fair and impartial tribunal where an unbiased judge is essential to due process of law. [1]

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), imposes the following standard of review for habeas cases:

---

[1] For purposes of clarity, the Court has renumbered petitioner's claims that he raised in his amended petition as claims six through eleven.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III.  Discussion

**A.  Claims # 1-4, 8-11.  Petitioner's procedurally defaulted claims.**

Respondent claims that several of petitioner's claims are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Respondent first argues that petitioner's first claim alleging the ineffective assistance of trial counsel is procedurally defaulted because petitioner failed to offer any argument or caselaw in support of his claim. The Michigan Court of Appeals ruled that petitioner's claim was abandoned because he failed to develop the claim. *People v. Watkins*, 2015 WL 5440232, at * 1.

Under Michigan law, a party who fails to develop any argument or cite any authority in

support of his or her claim waives appellate review of the issue. *People v. Griffin*, 235 Mich. App. 27, 45, 597 N.W.2d 176 (1999).   "A party may not merely state a position and then leave it to [the Michigan Court of Appeals] to discover and rationalize the basis for the claim." *Id.*

A review of the appellate brief filed by petitioner's counsel shows that contrary to what the Michigan Court of Appeals indicated, appellate counsel did make arguments in support of his claim that trial counsel was ineffective for failing to object to certain evidence and also did cite to some caselaw and court rules. (ECF No. 19-19, PageID. 1350-56).

The rule of procedural default is "a matter of comity between the federal and state courts and should not be applied to preclude federal courts from hearing federal constitutional claims when to do so does no disrespect to the state courts and their procedural rules." *Walker v. Engle,* 703 F. 2d 959, 967 (6th Cir. 1983) (internal citations omitted).  Thus, when a state court applies a procedural bar that has no foundation either in the record or under state law, the federal courts need not honor that bar. *Id.*  The Court declines to procedurally default petitioner's first claim because there appears to be no foundation for the procedural bar.

Respondent contends that a portion of petitioner's second claim challenging the suggestiveness of the eyewitness identification, the third claim alleging prosecutorial misconduct, and the fourth claim alleging that the police failed to preserve and test certain evidence are procedurally defaulted because petitioner failed to preserve the issues by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claims for plain error only. *People v. Watkins*, 2015 WL 5440232, at * 4-5.

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his suggestive identification, prosecutorial misconduct, and failure to preserve evidence claims.  The Michigan Court of Appeals' review of petitioner's

claims for plain error should be viewed as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001).

Respondent contends that petitioner's seventh through eleventh claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Watkins*, 504 Mich. at 997.   The Michigan Court of Appeals denied petitioner's post-conviction appeal in a form order "because the defendant failed to establish that the trial court erred in denying the motion for relief from judgment."   *People v. Watkins*, No. 346767 (Mich.Ct.App. Apr. 17, 2019)(ECF No. 30-21, PageID. 3716)  These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals.  Because the form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).  This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Genesee County Circuit Court judge, in rejecting petitioner's post-conviction claims, first cited M.C.R. 6.508(D)(3) and its requirement that a defendant show cause and prejudice for failing to raise an issue on direct appeal.  The judge then indicated that with the exception of petitioner's ineffective assistance of appellate counsel claim, petitioner was not entitled to relief on his other post-conviction claims because he failed to show good cause for failing to raise the

issues on his direct appeal, particularly where petitioner had also filed a supplemental *pro se* Standard 4 appeal brief in addition to the brief filed by counsel. *See People v. Watkins*, No. 13-033246-FC, * 3-4. (ECF No. 3702-03). Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007). [2]

Petitioner has offered no reasons for his failure to preserve his suggestive identification, prosecutorial misconduct, or failure to preserve evidence claims at the trial level. Although ineffective assistance of counsel may constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner raised several ineffective assistance of trial counsel claims on his direct appeal and in his post-conviction motion, but did not raise a claim that trial counsel was ineffective for failing to object to the alleged suggestive identification, the prosecutorial misconduct, or the failure by the police to preserve evidence. Because petitioner never raised in the Michigan courts a specific claim about trial counsel's failure to object to the alleged suggestive identification, prosecutorial misconduct, or failure to preserve evidence claims, any alleged ineffectiveness of counsel cannot constitute cause to excuse petitioner's default with respect to his claims. *See Wolfe v. Bock,* 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006). Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his second, third, or fourth claims. *Smith*, 477 U.S. at 533.

---

[2] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette,* 624 F. 3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

With respect to his post-conviction claims, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default.   Petitioner, however, has not shown that appellate counsel was ineffective.  It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).   The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).   In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective

assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002).   Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that petitioner raised for the first time in his post-conviction motion for relief from judgment.   Appellate counsel filed a thirty two page appellate brief which raised four claims, which are basically the first four claims raised by petitioner in his original petition.[3]   Petitioner has not shown that appellate counsel's strategy in presenting these four claims and not raising other claims was deficient or unreasonable.   Moreover, for the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners."   Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner.   "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010).

More importantly, this Court notes that in addition to the appellate brief filed by appellate counsel, petitioner filed a supplemental Standard 4 *pro per* brief on his appeal of right before the

---

[3]*See* Brief on Appeal, ECF No. 19-19, PageID.1328-68.

Michigan Court of Appeals. [4]  Although petitioner raised several claims, he did not present any of the issues that he would subsequently raise for the first time on his post-conviction motion for relief from judgment.  Petitioner took advantage of the opportunity pursuant to the Michigan Court Rules to file a supplemental appellate brief to raise claims that had not been raised by his appellate counsel, yet failed to include what make up his eighth through eleventh claims in his supplemental brief.

Petitioner has offered this Court no explanation why he failed to raise these claims in his supplemental *pro per* brief that he filed as part of his direct appeal.  Because petitioner has offered no reasons for his failure to include these claims in his supplemental *pro per* brief on his direct appeal, he has failed to establish cause to excuse the default of these claims. *See Rockwell v. Palmer,* 559 F. Supp. 2d 817, 834 (W.D. Mich. 2008)(habeas petitioner did not show any cause for his failure to raise on direct appeal his claim of ineffective assistance of trial counsel, where petitioner had filed two briefs on his own behalf raising other claims that had not been asserted by his appellate counsel, but he offered no explanation for his failure to raise the ineffective assistance claim at the same time); *see also Sheffield v. Burt*, 731 F. App'x 438, 442 (6th Cir. 2018)(petitioner failed to show cause under M.C.R. 6.508(D)(3) for failing to raise issues on direct appeal; "And as the Michigan trial court and the government note, Sheffield had the opportunity to raise any issues in his Standard 4 brief on direct appeal that he felt his appellate counsel should have raised. He did not raise the issue").

---

[4]  *See* Defendant-Appellant's Pro Per Brief on Appeal, ECF 19-19, PageID. 1389-95. Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

In the present case, petitioner has failed to show cause to excuse his default.  Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his defaulted claims as a ground for a writ of habeas corpus in spite of the procedural default.  Petitioner's sufficiency of evidence claim (Claim # 2) is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

Finally, assuming that petitioner had established cause for the default of his claims, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007).   For the reasons stated by the Michigan Court of Appeals in rejecting the defaulted portion of petitioner's second claim,  and his third and fourth claims, the Genesee County Circuit Court in rejecting petitioner's eighth through eleventh claims, and by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, petitioner failed to show that his procedurally defaulted claims have any merit.  Petitioner is not entitled to habeas relief on his procedurally defaulted claims.

### B.  Claim # 1.  The ineffective assistance of trial counsel claims.

Petitioner claims he was denied the effective assistance of trial counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111,

123 (2009).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first argues that trial counsel was ineffective for failing to object to Tracey P. Newman's testimony about petitioner's comments to her about his argument with the victim, claiming that this evidence should have been excluded for being hearsay.  The Michigan Court of Appeals rejected petitioner's claim:

> Tracey P. Newman's testimony about defendant's statement to her regarding the nature of his argument with the victim, Sunta Newman, was not inadmissible hearsay. The testimony was admissible under MRE 801(d)(2)(A), because it involved defendant's own statement offered against him. Defendant has not established any other basis for concluding that the testimony was inadmissible.

*People v. Watkins*, 2015 WL 5440232, at * 1.

Trial counsel was not ineffective in failing to object to any out-of-court statements made by petitioner because they were admissible under M.R.E. 801(d)(2) as the admission of a party-opponent. *See Robins v. Fortner,* 698 F.3d 317, 335 (6th Cir. 2012).

 Petitioner next claims that trial counsel was ineffective for failing to object to Tracey P. Newman's testimony that she concluded, after speaking with other people, that petitioner was the person who killed her son.  Ms. Newman did not actually testify who she believed was responsible for her son's murder. Instead, Ms. Newman testified that the police investigation indicated that petitioner was involved, but the prosecutor immediately stated that she could not testify as to what the police or anyone else told her. (ECF No. 30-15, PageID. 3305).

The Michigan Court of Appeals rejected this claim:

> Next, when Tracey attempted to testify that a police officer had disclosed information about the victim's death, the prosecutor immediately reminded her not to mention what other people said to her. Defense counsel reasonably could

13

have concluded that an objection was not necessary in light of the prosecutor's immediate corrective action.

*People v. Watkins*, 2015 WL 5440232, at * 2.

In light of the fact that Ms. Newman did not actually testify that she believed petitioner was the murderer, counsel was not ineffective in failing to object. *See Gaines v. Burt*, No. 16-2123, 2017 WL 1423343, at *2 (6th Cir. Apr. 19, 2017) (trial counsel did not render ineffective assistance by failing to ask for ruling on an objection and to declare a mistrial, where the trial court in fact sustained objection to prosecutor's question and the detective did not answer it).

Petitioner in a related vein argues that trial counsel should have objected to improper opinion testimony offered by Ms. Newman which inferred that petitioner was the murderer.  Ms. Newman testified that she later spoke with Carl Six, the witness to her son's murder, but did not opine that Watkins was the killer. (ECF No. 30-15, PageID. 3308).

The Michigan Court of Appeals rejected the claim:

Defendant also complains that Tracey improperly "gave her opinion of the verdict." Our review of the challenged testimony fails to disclose any apparent basis for an objection, or any basis for concluding that defendant was prejudiced by the testimony. Although Tracey stated that she knew what had happened and therefore did not want to hear what witness Carl Six had to say, she did not say what she thought had happened, or express any opinion regarding defendant's guilt or innocence.

*People v. Watkins,* 2015 WL 5440232, at * 2.

In the present case, Ms. Newman did not offer impermissible opinion testimony on petitioner's guilt, hence, trial counsel was not ineffective in failing to object to this testimony. *See Campbell v. Coyle,* 260 F. 3d 531, 558-59 (6th Cir. 2001).

Petitioner next contends that trial counsel was ineffective for failing to object to testimony from Ms. Newman regarding hearsay statements made by her daughter concerning

threats made by petitioner.  The Michigan Court of Appeals rejected this claim, because trial counsel did object and the testimony was stricken. *People v. Watkins*, 2015 WL 5440232, at * 2. Because counsel did, in fact, object to this testimony, (*See* ECF No. 30-15, PageID. 3308), petitioner's ineffective assistance of counsel claim is without merit. *See e.g., Durr v. Mitchell,* 487 F.3d 423, 440 (6th Cir. 2007).

Petitioner further argues that all of the above testimony by Tracey Newman should have been excluded under M.R.E. 403 for being more prejudicial than probative.  As the Michigan Court of Appeals noted in rejecting the claim, *People v. Watkins*, 2015 WL 5440232, at * 2, it is merely speculative to conclude that the trial court would have excluded Ms. Newman's testimony pursuant to M.R.E. 403 had such an objection been made.  However, speculation as to what a trial court would have done if presented with a motion to exclude evidence as being more prejudicial than probative "[i]s not equivalent to a showing of prejudice sufficient to undermine confidence in the outcome of the trial." *Garrett v. United States,* 78 F. 3d 1296, 1302 (8th Cir. 1996).

Petitioner next claims that trial counsel was ineffective for failing to object to Deputy Roe's testimony regarding the police efforts to find petitioner and his eventual capture on Lady's Island in South Carolina.  The Michigan Court of Appeals rejected this claim, finding that evidence of petitioner's flight was admissible under Michigan law to establish consciousness of guilt. *People v. Watkins*, 2015 WL 5440232, at * 2.

Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)).  Because the Michigan Court of Appeals determined that evidence concerning the police search for petitioner

15

and his arrest in South Carolina was admissible under Michigan law, this Court must defer to that determination in resolving petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 F. App'x 431, 437-38 (6th Cir. 2008). Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," this Court is constrained to reject this ineffective assistance of trial counsel claim. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005).

Finally, petitioner alleges that trial counsel was ineffective for objecting to petitioner's conduct during the corporal line-up. The Michigan Court of Appeals rejected this claim:

> The record also fails to disclose any basis for concluding that defense counsel was ineffective for failing to object to testimony describing defendant's conduct during the corporeal lineups. First, defense counsel did object to Six's testimony. Although counsel did not object to Sergeant Herfert's testimony that defendant "was trying to change the appearance of his face by dropping his chin and bringing it inward towards his body," that testimony qualified for admission under MRE 701 as an opinion or inference rationally based on the witness's perceptions and helpful to a determination of a fact in issue. Further, testimony regarding a defendant's conduct that indicates a consciousness of guilt or is inconsistent with innocence is admissible. *People v. Falkner*, 36 Mich. App 101, 108; 193 NW2d 178 (1971), *rev'd on other grounds* 389 Mich. 682 (1973). Accordingly, counsel was not ineffective for failing to object to the testimony.

*People v. Watkins*, 2015 WL 5440232, at * 3.

Petitioner failed to show that counsel was ineffective for failing to object to this testimony because the Michigan Court of Appeals concluded that this was admissible under state law. *See Davis v. Straub*, 430 F.3d at 291. Petitioner is not entitled to relief on his first claim.

### C.  Claim # 4. The sufficiency of evidence claim.

Petitioner next contends that there was insufficient evidence to establish his identity as the murderer.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006)(internal quotation omitted); *see also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008)("A conviction may be sustained based on nothing more than circumstantial evidence.").  Moreover, "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003)(quoting *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508 n.17 (1957)); *see also Holland v. United States*, 348 U.S. 121, 140 (1954)(circumstantial evidence is "intrinsically no different from testimonial evidence," and "[i]f the jury is convinced beyond a reasonable doubt, we can require no more"); *Harrington,* 562 U.S. at 113 ("sufficient conventional circumstantial evidence" supported the verdict).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).  A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).  It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992).  A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F. 3d 780, 788 (6th Cir. 2003).

Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x 147, 150 (6th Cir. 2003)(citing *People v. Turrell*, 25 Mich. App. 646, 181 N.W.2d 655, 656 (1970)).

The Michigan Court of Appeals rejected petitioner's claim, finding that Mr. Six's positive pre-trial identification of petitioner as the shooter was sufficient evidence to establish his identity as the shooter. *People v. Watkins*, 2015 WL 5440232, at * 3.

The Court notes that "the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Brown v. Davis,* 752 F. 2d 1142, 1144 (6th Cir. 1985)(internal citations omitted).   Mr. Six unequivocally identified petitioner at trial as being the shooter. This evidence was sufficient to support petitioner's convictions. *See Brown v. Burt,* 65 F. App'x 939, 944 (6th Cir. 2003).

Although petitioner attacks the quality of the eyewitness identification, he is basically asking this Court to re-weigh the testimony and credibility of the evidence, which this Court cannot do. *See United States v. Campbell,* 18 F. App'x 355, 358 (6th Cir. 2001)(quoting *United States v. Tipton*, 11 F.3d 602, 609 (6th Cir. 1993)).   Petitioner's insufficiency of evidence claim rests on an allegation of the witness's credibility, which is the province of the jury.   *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

In addition to the positive eyewitness identifications, there was circumstantial evidence to establish petitioner's identity as the shooter.   Identity of a defendant can be inferred through circumstantial evidence. *See Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002).

Evidence at trial established a prior dispute between the victim and petitioner. Petitioner's prior argument or dispute with the victim is circumstantial evidence that establishes petitioner's identity as the murderer. *See e.g., Moreland v. Bradshaw*, 699 F.3d 908, 917 (6th Cir. 2012).

There was also evidence presented at trial that petitioner fled into the woods in South Carolina when he learned that the police were looking for him.   The police found petitioner

attempting to conceal himself under fallen leaves and brush. (ECF No. 30-15, PageID. 3399-3402).

A defendant's erratic and suspicious behavior in the aftermath of a murder is sufficient circumstantial evidence to support a jury's finding that the defendant was the perpetrator. *See Johnson v. Coyle,* 200 F.3d 987, 992 (6th Cir. 2000). Petitioner's conduct in attempting to flee and elude the police is additional circumstantial evidence of his guilt.

Because there were multiple pieces of evidence, including eyewitness testimony, to establish petitioner's identity as the shooter, the Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in rejecting petitioner's sufficiency of evidence claim. *See Moreland v. Bradshaw,* 699 F. 3d at 919-21. Petitioner is not entitled to relief on his second claim.

### D.  Claim # 5. The speedy trial claim.

Petitioner next argues he was denied his Sixth Amendment right to a speedy trial.

The Sixth Amendment guarantees a criminal defendant the right to a speedy trial. U.S. Const. Amend. VI.  To determine whether a speedy trial violation has occurred, the court must consider the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  No single factor is determinative, rather a court must weigh them and engage in a "difficult and sensitive balancing process" to determine whether a constitutional violation has occurred. 407 U.S. at 533.  The right to a speedy trial "is 'amorphous,' 'slippery,' and 'necessarily relative.'" *Vermont v. Brillon,* 556 U.S. 81, 89 (2009)(quoting *Barker*, 407 U.S., at 522)(quoting *Beavers v. Haubert*, 198 U.S. 77, 87 (1905)).

The length of delay is a "triggering factor" because "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker,* 407 U.S. at 530. Therefore, to trigger a speedy trial analysis, the accused must allege that the interval between the accusation and the trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. *Doggett v. United States,* 505 U.S. 647, 651-52 (1992). Courts have generally found postaccusation delays that approach one year to be "presumptively prejudicial." *Id.* 505 U.S. at 652, n. 1; *United States v. Brown,* 90 F. Supp. 2d 841, 846 (E.D. Mich. 2000).

Petitioner was arrested on February 4, 2013. Petitioner's first trial, which ended in a hung jury, began 11 months later on January 23, 2014.

An eleven month delay between arrest and trial is not presumptively prejudicial. *See United States v. Gerald,* 5 F. 3d 563, 566 (D.C. Cir.1993); *see also Norris v. Schotten,* 146 F. 3d 314, 328 (6th Cir. 1998)(prejudice could not be presumed for purposes of habeas petitioner's speedy trial claim where the delay was less than one year). Petitioner has therefore failed to establish that his eleven month delay was presumptively prejudicial and it would therefore be unnecessary for this Court to inquire into the other *Barker* factors. *See United States v. Cope,* 312 F. 3d 757, 778 (6th Cir. 2002).

With respect to the second *Barker* factor, the reasons for the delay, the Court must determine "whether the government or the criminal defendant is more to blame for [the] delay." *Maples v. Stegall,* 427 F.3d 1020, 1026 (6th Cir. 2005)(citing *Doggett*, 505 U.S. at 651). When evaluating a speedy trial claim, delays caused by the defense are to be weighed against the defendant. *Vermont v. Brillon,* 556 U.S. at 90; *see also U.S. v. Brown*, 498 F. 3d 523, 531 (6th Cir. 2007).

Any delays, such as they were, appear to have been caused by the defense.  Defense counsel requested a competency evaluation for petitioner on March 1, 2013. (ECF No. 18-3, PageID. 285-86). Petitioner was found competent to stand trial on May 7, 2013. (ECF No. 18-4, PageID. 287-88).  The request for a mental competency evaluation is attributable to the defense, for speedy trial purposes. *See e.g., United States v. Marchbanks*, 631 F. App'x 386, 390 (6th Cir. 2015).

Petitioner further acknowledges that two delays were due to defense counsel seeking an adjournment for medical reasons. (ECF No. 7, PageID. 63).  Delays caused by defense counsel are also attributable to the defense for speedy trial purposes. *Vermont v. Brillon*, 556 U.S. at 90-91.

Moreover, petitioner's speedy trial claim fails because there is no evidence on the record that any part of this delay was intentionally caused by the trial court or the prosecution. *Norris v. v. Schotten*, 146 F. 3d at 327-28.  There is nothing in the record to indicate a "willful attempt" by the prosecution to delay the trial, *Burns v. Lafler,* 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004)(quoting *Davis v. McLaughlin*, 122 F. Supp. 2d 437, 443 (S.D.N.Y. 2000)), nor is there any evidence that the prosecution intentionally delayed the trial to gain a tactical advantage over the petitioner. *Id.; see also Brown*, 498 F. 3d at 531.

With regard to the third *Barker* factor, "[t]he defendant's assertion of his speedy trial right ... is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531-32.  A criminal defendant's "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.* Petitioner did assert his speedy trial right on December 10, 2013.

Finally, petitioner is not entitled to habeas relief on his speedy trial claim, because he has not shown that his defense was prejudiced by this delay. *Burns*, 328 F. Supp. 2d at 722. Of the four factors to be assessed in determining whether a defendant's speedy trial rights have been violated, prejudice to the defendant is the most critical one. *See Trigg v. State of Tenn.*, 507 F. 3d 949, 954 (6th Cir. 1975). Although petitioner claims that the delay in trial permitted inconsistencies to develop, petitioner does not identify these inconsistencies or explain how they prejudiced him. Petitioner also claims that the delay allowed the witnesses to somehow collaborate with each other, petitioner offers no proof that this happened. Speculation is insufficient to prove prejudice for a speedy trial claim. *See United States v. Washam*, 468 F. App'x 568, 574 (6th Cir. 2012).

Moreover, any prejudice to petitioner from his pre-trial incarceration "is too slight to constitute an unconstitutional denial of his right to a speedy trial," in light of the fact that the other *Barker* factors do not support petitioner's speedy trial claim. *See Wells v. Petsock,* 941 F. 2d 253, 259 (3rd Cir. 1991). Petitioner is not entitled to relief on his fifth claim.

### E.  Claim # 6. The jurisdictional claim.

Petitioner lastly claims that the Genesee County Circuit Court never acquired jurisdiction over his criminal case because of defects in the arrest warrant or criminal complaint.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976); *see also Daniel v. McQuiggin,* 678 F. Supp. 2d 547, 553 (E.D. Mich. 2009). The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin,* 27 F. App'x 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked

jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 F. App'x 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

In any event, petitioner's jurisdictional claim is meritless.

"An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980)(citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *see also Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886).  The Supreme Court has held that "[T]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred.*" INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984).  Although the exclusionary rule prohibits the introduction at trial of evidence that was seized in violation of the constitution, a criminal defendant "is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct." *United States v. Crews*, 445 U.S. at 474.  Petitioner does not identify any evidence other than his own body that was seized during this allegedly unlawful arrest.  Thus, the mere fact that petitioner may have been arrested without probable cause or on an invalid warrant would not prevent him from being prosecuted and convicted of this offense.

To the extent that petitioner's claim that the felony complaint was jurisdictionally defective is based on state law, it is not cognizable in federal habeas corpus review. *See Hogan v. Ward,* 998 F. Supp. 290, 295 (W.D.N.Y. 1998); *see also Lane v. Booker*, No. 06-CV-10328, 2006 WL 288071, * 1 (E.D. Mich. Feb. 6, 2006). In any event, a criminal court in Michigan does not lose jurisdiction over a criminal case merely because the criminal complaint was somehow defective. *See People v. Payne*, No. 2000 WL 33400212, * 3 (Mich.Ct.App. Nov. 28, 2000); *People v. Mayberry*, 52 Mich. App. 450, 451; 217 N.W.2d 420 (1974)(both citing *People v. Burrill*, 391 Mich. 124, 133; 214 N.W. 2d 823 (1974)).

In addition, a jury's guilty verdict renders harmless any error in the charging decision. *United States v. Mechanik,* 475 U.S. 66, 73 (1986). Any collateral attack on the technical validity of the criminal complaint in this case is unreviewable because petitioner was convicted by a jury in this case. *Wise v. Scutt*, No. 2:11-CV-14294, 2013 WL 6182909, at *4 (E.D. Mich. Nov. 26, 2013).

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at

484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V. ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.** Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

s/Sean F. Cox
Sean F. Cox
Dated:  July 31, 2020                UNITED STATES DISTRICT JUDGE

26