UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO DEMOND WATKINS,

    Petitioner,                           Civil No. 2:17-CV-11121
                                              HONORABLE SEAN F. COX
v.                                          UNITED STATES DISTRICT JUDGE

JOHN DAVIDS,

    Respondent,
_____/

**OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR CERTIFICATE OF APPEALABILITY (ECF No. 37) AND THE APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS ON APPEAL (ECF No. 36) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, challenging his state court convictions. The Court denied the petition for writ of habeas corpus with prejudice. The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis. Watkins v. Davids*, No. 2:17-CV-11121, 2020 WL 4431430 (E.D. Mich. July 31, 2020).

Petitioner filed a Notice of Appeal. (ECF No. 35). Petitioner has also filed a motion for a certificate of appealability (ECF No. 37) and an application to proceed without prepaying fees and costs on appeal. (ECF No. 36).

The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)). Petitioner should direct his request for a certificate of appealability to the Sixth Circuit. The Court, in the interests

of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *See also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion to proceed without prepaying fees and costs on appeal. Jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, thus, petitioner's motion would be more appropriately addressed to the Sixth Circuit. *See Grizzell v. State of Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984). The Court orders that the Clerk of the Court to transfer petitioner's motion to procced without prepaying fees and costs on appeal to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS HEREBY ORDERED** that:

The Clerk of the Court is **ORDERED** to transfer the "Motion for Certificate of Appealability" (ECF No. 37) and the "Application to Proceed Without Prepaying Fees and Costs on Appeal" (ECF No. 36) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: September 15, 2020         s/Sean F. Cox
                                  Sean F. Cox
                                  U. S. District Judge